UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

R.T.G. FURNITURE CORP.
d/b/a Rooms To Go # 905 and
PALM SPRINGS MILE ASSOCIATES, LTD.

      Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant R.T.G. Furniture Corp. doing business as Rooms To Go and Defendant Palm Springs Mile Associates, Ltd., for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant R.T.G. Furniture Corp. (also referenced as "Defendant RTG" "operator," lessee" or "co-Defendant") is a private Florida for profit corporation which is an American furniture store chain branded as "Rooms To Go." The furniture store chain is based in Seffner, Florida and operates 226 stores in Alabama, Florida, Georgia, Louisiana, Mississippi, North Carolina, South Carolina, Tennessee, Texas, Virginia, and Puerto Rico.

6. Defendant Palm Springs Mile Associates, Ltd. (also referenced as "Defendant PSM Associates," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 750 West 49 Street, Hialeah Florida 33012 which is also referenced as folio 04-3001-018-0015. Defendant PSM Associates' real property is built out as a mixed-use strip mall/commercial center which is leased (in part) to the Rooms To Go furniture store which is the subject of this instant action.

## FACTS

7. Rooms To Go furniture stores sell furniture by the piece or by the room and have a second branded specialty store called "Rooms To Go Kids." All Rooms To Go stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R.

§36.104(5) as an "other" sales establishment. The Rooms To Go store located at 750 West 49 Street which is the subject of this complaint is also referenced as "Rooms To Go furniture store," "Rooms To Go #905 (at 750 West 49 Street)," "furniture store," or "place of public accommodation."

8. As the operator of furniture stores which are open to the public, Defendant RTG is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates an "other" sales establishment; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. The Rooms To Go store at 750 West 49 Street, on May 31, 2021 is an outlet location. Plaintiff went to that furniture store to shop the current furniture collection.

10. When parking within the Rooms To Go parking lot, Plaintiff encountered barriers to entry. Later, while Plaintiff was shopping, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible facilities, Plaintiff has been denied full and equal access by the operator/lessee of the furniture store (Defendant RTG) and by the owner/lessor of the commercial property which houses the furniture store (Defendant PSM Associates).

12. As the owner of a chain of branded furniture stores which are known for their showrooms showcasing furniture, Defendant RTG is well aware of the ADA and the need to provide for equal access in all areas of its stores. Therefore, Defendant RTG's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Rooms To Go store located at 750 West 49 Street is fully accessible is/was willful, malicious, and

oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of commercial real property, part of which is operated as a furniture store open to the public, Defendant PSM Associates is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant PSM Associates is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the Rooms To Go furniture store located at 750 West 49 Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of

4

this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Rooms To Go #905 furniture store located at 750 West 49 Street, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when parking his vehicle and when using the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant RTG (operator of the Rooms To Go furniture store located at 750 West 49 Street) and Defendant PSM Associates (owner/lessor of the commercial property located at 750 West 49 Street) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the subject Rooms To

Go furniture store, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a).

22.  Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

23.  Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

24.  The commercial space which is owned by Defendant PSM Associates (owner/lessor) and which houses the Rooms To Go furniture store (operated by Defendant RTG) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

  i.  As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope. Failure to provide accessible means of egress from the parking area to the Rooms To Go due to the slope of the parking lot is in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that

the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.

ii. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff's access to accessible parking was further impeded by the fact that some of the access isles are on an excessive slope. This is a further violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

iii. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), there are permanently designated interior spaces without proper signage. There is a lack of signage indicating accessibility of the restrooms; the signage is mounted on the hinge side of the door, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance on the push side of the restroom entry door was obstructed by furniture in the showroom. The fact that the restroom entry door does not provide the required maneuvering

clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative in many areas: The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and 404.2.8.2 delineates door closing speed, and a violation of Sections 4.13.11.

vi. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash can is encroaching

       over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

viii. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted in a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet).

ix. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not in the required location. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

x. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location

        from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

xi. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the compliant side. Because the flush valve is not mounted on the compliant side, this is in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards for Accessible Design.

xii. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff was unable to access the hand sanitizer without assistance as the hand sanitizer dispenser was mounted at the incorrect height. Failure to provide a hand sanitizer for the general public at an accessible height is in violation of the reach ranges delineated within Section 4.2.5 of the ADAAG and Section 308.2.1, 2010 ADA Standards for Accessible Design which states that where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

xiii. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (outside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of

   the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

xiv. As to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (inside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

xv. Furthermore, as to Defendant RTG (lessee/operator) and Defendant PSM Associates (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (outside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

25. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a Rooms To Go furniture store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the furniture store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Palm Springs Mile Associates, Ltd. (owner of the commercial property at 750 West 49

Street) and Defendant R.T.G. Furniture Corp. (operator of the Rooms To Go located at 750 West 49 Street) and requests the following relief:

    a)       The Court declare that Defendants have violated the ADA;

    b)       The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

    c)       The Court enter an Order requiring Defendants to alter the commercial property located at 750 West 49 Street and the Rooms To Go located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    d)       The Court award reasonable costs and attorneys fees; and

    e)       The Court award any and all other relief that may be necessary and appropriate.

Dated this 19th day of July 2021.

                                        Respectfully submitted,

                                        */s/ J. Courtney Cunningham*
                                        J. Courtney Cunningham, Esq.
                                        J. COURTNEY CUNNINGHAM, PLLC
                                        FBN: 628166
                                        8950 SW 74th Court, Suite 2201
                                        Miami, Florida 33156
                                        Telephone:  305-351-2014
                                        Email: cc@cunninghampllc.com
                                        *Counsel for Plaintiff*